In the Matter of LAWYERS MORTGAGE COMPANY (31–33 East 27th Street; Mtg. No. 9252.)

Supreme Court, Additional Special Term, New York County, October 14, 1937.

*Maurice Finkelstein* [*Samuel Brand* of counsel], for Mortgage Commission of the State of New York.

*Walter B. Henendeen* [*E. G. Brill* of counsel], for the Superintendent of Insurance of the State of New York.

*Gleason, McLanahan, Merritt & Ingraham* [*John W. Simpson* of counsel], for reorganization of managers of Lawyers Mortgage Company.

*Rapaport Brothers* [*Irving S. Rapaport* of counsel], for promulgating certificate holders.

FRANKENTHALER, J. This is a proceeding under the Mortgage Commission Act (Laws of 1935, chap. 19, as amd.) for the reorganization of the rights of holders of certificates in a mortgage guaranteed by Lawyers Mortgage Company covering premises at 31–33 East Twenty-seventh street, borough of Manhattan, New York city. The plan calls for the appointment of a trustee by the court, and as the only dissenter owns less than one-third, in principal amount, of the outstanding certificates, the plan will be approved. The motion to consolidate this proceeding with one previously brought under the Schackno Act (Laws of 1933, chap. 745, as amd.) is denied, but without prejudice to such application for counsel fees and/or reimbursement of expenses as counsel may deem advisable.

At the hearing counsel for the reorganization managers of Lawyers Mortgage Company, recently appointed by this court, by order made and entered on September 14, 1937, requested the court to appoint as trustee one or more of said reorganization managers to serve without compensation and without charge for routine legal services. If one or more of the reorganization managers is appointed as trustee, the servicing is to be intrusted to Lawyers Mortgage Guarantee Corporation which is to perform the same " at a total cost of one-quarter of one per cent on the principal amount of said mortgage certificates, which is as low or lower a rate of charge as is obtainable * * * from any other competent servicing organization."

Lawyers Mortgage Guarantee Corporation was organized by the Superintendent of Insurance in 1933, when he became rehabilitator of Lawyers Mortgage Company. All the stock of the newly-organized company was and is owned by the Superintendent of Insurance. The company was formed because the Superintendent of Insurance was of the opinion that the servicing business of Lawyers Mortgage Company was a very valuable asset which ought to be preserved for the benefit of its creditors. Since August of 1933 Lawyers Mortgage Guarantee Corporation continued the

servicing previously performed by the Lawyers Mortgage Company as to all mortgages which were not withdrawn by their owners or under reorganization proceedings. The efficient and economical manner in which Lawyers Mortgage Guarantee Corporation serviced the mortages intrusted to it has already been commented upon by this court in connection with an application heretofore made by a committee of creditors of Lawyers Mortgage Company to stay the Mortgage Commission from withdrawing various certificated issues from the Lawyers Mortgage Guarantee Corporation in order to permit the Commission's own subsidiary, Mortgage Commission Servicing Corporation, to do the servicing. (*Matter of Lawyers Mortgage Company* [*No. 1*], 158 Misc. 575.) In its opinion the court quoted various statements made by creditors' representatives, praising the work and efforts of Lawyers Mortgage Guarantee Corporation, and expressed regret " that the Mortgage Commission has elected to withdraw the servicing from those who have earned the unanimous and enthusiastic approbation of the holders of the company's guaranties and to transfer the same to an entirely new staff of its own." Subsequently the plan of reorganization of Lawyers Mortgage Company submitted by a referee appointed to consider the question of reorganization was approved by the court, and the appointment of reorganization managers represents the first step in the efforts now being made to work out a successful reorganization of that company. The proposed plan provides that Lawyers Mortgage Guarantee Corporation is to continue in existence with the experienced and competent officers and employees of Lawyers Mortgage Company, and to carry on the business of a mortgage company, including the servicing of outstanding guaranteed mortgages and mortgage certificates. As this court pointed out in approving the proposed plan: " The operating company [Lawyers Mortgage Guarantee Corporation], it is anticipated, will use its facilities and best efforts to aid the holders of mortgages and certificates guaranteed by Lawyers Mortgage Company in the refinancing of such mortgages and certificates, and it is further expected that a great many mortgages which have been withdrawn from the servicing of Lawyers Mortgage Company or its subsidiary will be returned to the operating company for servicing. It appears to be generally agreed that, freed from the liabilities and obligations of Lawyers Mortgage Company, the operating company should be able to conduct a successful mortgage business, the profits of which will be shared by the assenting creditors and stockholders in equal proportions." As the last sentence of this quotation indicates, the creditors and stockholders of Lawyers Mortgage Company are afforded equal opportunity,

under the provisions of the plan, to acquire stock in Lawyers Mortgage Guarantee Corporation and thus to share in any profits made by the latter in the future.

It thus appears that the suggestion of the reorganization managers that one or more of their number be appointed trustee possesses a number of substantial advantages to the certificate holders of the present issue. The servicing would be performed by Lawyers Mortgage Guarantee Corporation, whose excellent servicing has repeatedly received the praise of certificate holders, of the Superintendent of Insurance, and of the court. The servicing charge would be as low as, if not lower than, the amount charged by any other competent servicing organization. The reorganization managers would serve as trustee without compensation and without any charge for routine legal services, so that there would be a considerable saving of expense to certificate holders if one or more of the reorganization managers should be appointed trustee. All the reorganization managers are extremely capable and experienced men. Richard M. Hurd, one of the managers, was for many years president of Lawyers Mortgage Company and thereafter chairman of its board of directors. Charles G. Edwards, another of the managers, is president of the Central Savings Bank of the City of New York; he has been president of the Real Estate Board of New York and president of the National Association of Real Estate Boards. P. Walker Morrison, another of the managers, is a member of the firm of Cruikshank Company, one of the oldest real estate firms in the city of New York; he is one of the trustees appointed by the court to administer the affairs of Series B-K of the New York Title Company, the third largest of all the group issues. The fourth manager, William E. Russell, is a prominent member of the bar with long experience in legal matters affecting real estate, mortgages and mortgage certificates; he is at present one of the trustees of Series C-2 of the New York Title Company, the second largest of the group issues. In addition to obtaining the servicing of Lawyers Mortgage Guarantee Corporation, the certificate holders would, therefore, receive the benefit of the ability and experience of the reorganization managers.

There is still another benefit to the certificate holders in the suggestion made by the reorganization managers. To the extent that additional mortgages are intrusted to Lawyers Mortgage Guarantee Corporation for servicing, the business of that company and the possibility of achieving a successful reorganization of Lawyers Mortgage Company will be promoted. As the certificate holders of this issue are entitled under the provisions of the plan of reorganization to an opportunity of sharing in the profits of

Lawyers Mortgage Guarantee Corporation and have a vital interest, in other respects, in the success of the contemplated reorganization, it will obviously be to their advantage to permit that company to do the servicing rather than to confide the same to strangers. The reorganization managers intend to request their appointment as trustee in all other reorganization proceedings affecting mortgages guaranteed by Lawyers Mortgage Company. If they succeed in this respect the possibility of working out a reorganization benefiting all certificate holders of Lawyers Mortgage Company will be appreciably increased.

Counsel for the Superintendent of Insurance has expressed himself as being " in hearty accord " with the suggestion that one or more of the reorganization managers be named as trustee of the Lawyers Mortgage Company issues, while counsel for the Mortgage Commission has stated that the Commission does not oppose the suggestion.

No disadvantage to the certificate holders, if the request of the reorganization managers is honored, has been pointed out, nor does any suggest itself to the court. Should any situation arise in the future which might render it inadvisable that a reorganization manager continue as trustee the court will be in a position to substitute another trustee, for the reorganization managers have offered to resign as trustees " upon request of the Court at any time or if said plan of reorganization of Lawyers Mortgage Company should not be declared effective under and pursuant to the provisions of Article XI thereof, or if thereafter said plan should not be consummated."

In the interests of economy and efficiency, and the advantages to certificate holders which will accrue from a successful reorganization of Lawyers Mortgage Company, the court has determined to adopt the policy in this, as well as in other reorganization proceedings which may come before it affecting mortgages guaranteed by Lawyers Mortgage Company, of designating as trustee one or more of the reorganization managers. The designations will be confined, however, to the three reorganization managers appointed to represent creditors of Lawyers Mortgage Company, since it would be manifestly inadvisable to designate the reorganization manager appointed to represent stockholders of that company.

Settle order.